PEOPLE ex rel. STEIN v. WHITNEY, Com'r of Correction.

(Supreme Court, Appellate Division, First Department.   June 28, 1912.)

CRIMINAL LAW (§ 1216*)—SENTENCE—TERM.

Laws 1910, c. 659, § 88, provides that, upon a charge of disorderly conduct tending to a breach of the peace (subdivision 15), the magistrate may commit to the workhouse or county jail for the term of six months, or (subdivision 2) for a definite period not to exceed six months. Section 91 provides that within two days after commitment, under section 88, subds. 1, 4, the commissioner of correction shall ascertain the prisoner's former commitments within two years, if any, and that prisoners, according to the number of such commitments, shall be discharged 5 days from date of commitment, 20 days from his last commitment, or at the end of a period equal to twice the term of his last sentence, in no event exceeding 180 days. Relator was convicted of disorderly tending to a breach of the peace, and was committed "for a period of six months." *Held*, that the relator was committed under section 88, subd. 2, and hence was not entitled to a discharge under section 91.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3310–3319; Dec. Dig. § 1216.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Annie Stein, against Patrick A. Whitney, as Commissioner of Correction of the City of

---

New York. From an order granting a peremptory writ of mandamus, defendant appeals. Reversed.

See, also, 135 N. Y. Supp. 1136.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Terence Farley, of New York City, for appellant.

SCOTT, J. The relator was convicted by a city magistrate of disorderly conduct tending to a breach of the peace, and was committed to the workhouse "for the period of six months until she was thence delivered by due course of law." The defendant is the commissioner of correction of the city of New York. The command of the mandamus ordered to be issued is that the defendant "forthwith prepare and transmit a written order to the superintendent, warden, or sheriff in charge of the workhouse of the city of New York pursuant to section 91, chapter 659, of the Laws of 1910, specifying the date for the discharge of Annie Stein, who is now committed to said workhouse." The purpose of the writ is to secure the release of the relator as a first offender. It is suggested to us by the former counsel for the relator that his client has been discharged from custody in another proceeding, and that the question involved in this appeal has, for that reason, become academic. It appears, however, that different views upon the question have been entertained by justices sitting at Special Term, and for that reason it seems proper that the question should now be dealt with.

The two sections of chapter 659 of the Laws 1910, known as the "Inferior Criminal Courts Act of the City of New York," which relate to the subject now under discussion, are sections 88 and 91, which, so far as material read as follows:

"Sec. 88. Commitment of persons convicted of public intoxication, disorderly conduct or vagrancy. Whenever any person, other than a child under the age of sixteen years, is convicted in the city of public intoxication, disorderly conduct that tends to a breach of the peace, or vagrancy, the magistrate before whom such conviction is had, shall, if he does not suspend sentence and place on probation, impose upon the person so convicted one or other of the penalties herein provided. * * * All other persons convicted upon a charge of vagrancy including persons convicted as prostitutes, except those committed under section 79 of this act (diseased prostitutes), and not committed to a reformatory as herein above provided shall be committed in the boroughs of Manhattan, * * * to the workhouse on Blackwell's Island, * * * for the term of six months. Upon a charge of public intoxication or of disorderly conduct that tends to a breach of the peace (except in the case where the commitment is made under section 79 of this act) the magistrate may impose a penalty as follows: (1) Commit the person so convicted in the boroughs of Manhattan, Brooklyn and the Bronx, to the workhouse and in the other boroughs of said city, to a county jail or to the said workhouse, to be detained for the term of six months. (2) Commit the person so convicted in the boroughs of Manhattan, Brooklyn and the Bronx to the workhouse and in the other boroughs to the county jails therein, for a definite period, not to exceed six months. (3) Impose a fine not exceeding ten dollars. * * * (4) Require any person convicted of disorderly conduct which tends to a breach of the peace to give sufficient surety or sureties for his good behavior for a period of time, to be recited in the commitment, of not more than six months. * * *"

"Sec. 91. Time to discharge; How to be ascertained. Within two days after the commitment of any person upon a conviction of vagrancy or under

subdivisions one and four of section 88 of this act it shall be the duty of the commissioner of correction to ascertain from the aforesaid records whether such person has been committed to the workhouse or county jail within two years next preceding the date of such commitment, for public intoxication, disorderly conduct that tends to a breach of the peace or vagrancy, and to make a written order specifying the date at which such person shall be discharged, as follows, namely: In the case of a person who has not previously been committed for any one of the offenses herein specified within two years next preceding the date of his last commitment, the said order shall direct that such person shall be discharged at the expiration of five days from the date of his commitment; in the case of a person who has been committed once before within the period of two years next preceding the date of his commitment, the said order shall direct that such person shall be discharged at the expiration of twenty days from the date of his commitment; * * * in case of a person who has been committed more than once * * * the said order shall direct that such person shall be discharged at the expiration of a period equal to twice the term of his detention under the last previous commitment, but not, in any event, exceeding 180 days, provided, however. * * *"

It is quite obvious that it was the purpose of the Legislature to vest a measure of discretion in the city magistrate as to the length of imprisonment to be imposed upon a person convicted of a breach of the peace. He might commit the convicted person to the workhouse "to be detained for the term of six months," or "for a definite period not to exceed six months." Where the commitment is in the form prescribed by subdivision 1 of the section—that is, "for a term of six months"—section 91 of the act applies, and the actual length of the term of detention is automatically determined by an ascertainment of the number of former commitments (if any) of the convicted person within the preceding two years. But, when the magistrate in the exercise of his discretion sentences the offender under subdivision 2 of section 88 "for a definite period not to exceed six months," section 91 has no application, and there is no automatic limitation of the term of detention. The best evidence to determine under which subdivision the commitment was made is to be found in the commitment itself which in the present case is "for the period of six months." This is the language used in subdivision 2 of section 88, and indicates that relator was committed under that subdivision. She was consequently not entitled to be discharged under section 91, and there was no reason for directing the defendant to make the required certificate.

The order appealed from must consequently be reversed. All concur.